## MORGANTHAU V. KING ET AL.

1. PRACTICE IN SUPREME COURT — REVIEW OF QUESTIONS OF FACT.—
   On appeal upon questions of fact, findings of the jury, warranted by
   sufficient evidence, will not be disturbed.
2. PRACTICE IN CIVIL ACTIONS — SET-OFF.— The individual indebtedness
   of a partner cannot be set off against a debt to the firm except by
   special contract, or consent of all the partners.

*Appeal from District Court of Clear Creek County.*

IN the spring of 1885, Eugene Morganthau, appellant,
made a verbal contract with Samuel A. King and Amasa J.
Chaffee, appellees, whereby appellees agreed to make the

necessary excavation, put in the foundation, put up the walls of a stone building to be used as a store by appellant, and plaster the same, for a fixed price per day for excavations, etc., per perch for stone in wall and per yard for plastering. After the work was under way, some changes were made in the plans, increasing the aggregate cost, and requiring more time for the building than was contemplated under the original contract. The work was completed by appellees about the 1st of October, and amounted to $2,900.

Appellees were joint contractors and equal partners. Prior to entering into the contract, appellee Chaffee was indebted to one Strousse, brother-in-law of appellant, for which indebtedness he had made his note, which, with interest, amounted to $240 at the time of the completion of the contract. During the time the work was in progress, Strousse assigned this note to appellant. At the completion of the contract the work was accepted by appellant, and a full, complete and satisfactory settlement made between the parties as to the amount of work done, the amount paid during the progress of the work, and the balance remaining unpaid to the appellees fixed at $887. In regard to the payment of the balance due, a controversy arose, appellant insisting that appellees should take the individual note of Chaffee assigned by Strousse of $240 in payment *pro tanto*, and the balance in money. The appellees declined and refused to take the note in payment. The conference resulted in the payment by appellant of the balance, $637, and his refusal to pay the remaining $240 except with the note, and the refusal of appellees to accept the note. Suit was brought; trial had to a jury, resulting in a verdict and judgment against the appellant for $240, from which this appeal was taken.

Messrs. W. T. HUGHES and L. C. ROCKWELL, for appellant.

Mr. R. S. MORRISON, for appellees.

REED, C. The record shows this case to have been tried very carefully. Many exceptions were saved on the introduction of evidence, several quite technical and unimportant, but perhaps no more technical than warranted by close practice. The number of instructions given and refused is rather phenomenal, in a case involving so few questions; seven having been given on the part of the plaintiffs, and on the part of defendant twelve were given and five refused. A large number of supposed errors were assigned.

In the admission and rejection of evidence no serious errors are found to the prejudice of the appellant. Practically, only three questions were involved and necessary to be discussed in this opinion.

The first was whether there was a contract for the completion of the work at a specified time, and for a penalty in case of failure, which appellant could set off against the money due appellees. The testimony was somewhat conflicting. There was some evidence of such a contract in the first instance, but no satisfactory evidence of one when the plan of the building was changed and the contract modified; nor does the testimony show that, at the time of the settlement, appellant claimed and insisted upon it, except in the way of a threat, if appellees refused to allow the Strousse note. The instructions given upon this point on the part of defendant are very elaborate and full, and are fully as favorable as the court was warranted in giving. The jury were warranted in finding from the evidence that no penalty for failure should be allowed.

Second (which was also a question of fact for the jury), whether or not an agreement was made with appellees whereby they agreed to accept the individual note of Chaffee in payment of the joint demand against appellant. On this the testimony was conflicting, but was sufficient to warrant the jury in finding that there was no such agreement, and such finding should not be disturbed.

The third and only remaining question to be determined was a question of law,— whether or not, in the absence of a special contract or consent of all the partners, the indi-

vidual indebtedness of one could be legally pleaded and allowed as a set-off against a partnership claim due to the firm. That it cannot be done has been so often held, and is so elementary, that authorities in its support are unnecessary.

We find no error of any importance prejudicial to appellant. The rulings and instructions were fully as favorable to him as could be justified under the evidence and the law. We advise that the judgment be affirmed.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*